CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 8 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IRIS MICHELLE COOK, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00499 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| ALBEMARLE CHARLOTTESVILLE | ) By: Glen E. Conrad |
| REGIONAL JAIL, ET AL., | ) Chief United States District Judge |
| | ) |
| Defendants. | |

Plaintiff Iris Michelle Cook, proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In her complaint, Cook alleges that while she was incarcerated at the Albemarle-Charlottesville Regional Jail, officials there deprived her of trusty status, adequate living conditions, part of the newspaper to which she subscribed, and the opportunity to attend educational classes and church services.[1] After filing the complaint, Cook was released from confinement and now moves to proceed in forma pauperis. The court will grant her this status. Upon review of the record, however, the court finds that the complaint must be summarily dismissed.

Under 28 U.S.C. § 1915(e)(2)(b), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be

---

[1] In her original complaint, Cook also alleged that the defendants discriminated against her on the basis of her sexual orientation (Claim 9 in her complaint), but she has since filed a motion to amend (DE 7) to voluntarily withdraw this claim, and her motion will be granted.

frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(b)(2)(B)). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1940 (2009).

To state a cause of action under § 1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (omitting internal quotations).

**1. Trusty Status**

In Claim 1, Cook complains that in July 2010, officials transferred her from one housing unit to another, causing her to lose her trusty status, although she had not committed any major disciplinary infraction. When she asked to be reinstated to trusty status, she was told that her former work assignment had been discontinued. However, shortly thereafter, another woman was given that same assignment. On other occasions, she was told that she could not be approved for trusty status for other jobs because of her housing assignment.

These allegations fail to state any claim that Cook was deprived of a protected right. Prisoners have no constitutional right to rehabilitation programs, education, or jobs. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Since inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from her job for any reason without offending federal due process principles. See Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). Courts of appeals have also consistently held that an inmate's expectation of keeping a specific prison job, or of having a job, does not implicate a constitutionally protected property interest. See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).

Because Cook had no constitutional right to be placed on trusty status and no protected interest in keeping it, she has no claim actionable under § 1983 against officials for removing her from that status, with or without a hearing, or for refusing to reinstate her. The court must dismiss Claim 1, pursuant to § 1915(e)(2)(b).

## 2. Reentry Classes

Cook asked to participate in classes offered to inmates to prepare them for reentry into society after their release from incarceration. She was informed that given her housing assignment and a shortage of staff to transport her to the class location, she was not allowed to attend these classes. Because inmates have no constitutional right to rehabilitative programs and educational classes, these allegations do not state any claim that the defendants' actions violated Cook's constitutional rights in any way. Rhodes, 452 U.S. at 348. The court will dismiss Claim 2, pursuant to § 1915(e)(2)(b), as legally frivolous.

### 3. Church Services

Cook complains in Claim 3 that jail officials denied her the right to attend church services that were available to women held in other housing locations. The Equal Protection Clause "keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (omitting internal quotation marks). Thus, to prove an equal protection claim, a litigant "must first demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated." Id. at 730. An inmate, like Cook, who was housed in a more secure part of the jail, is not similarly situated to inmates in the general population. Therefore, Claim 3 must be dismissed, pursuant to § 1915(e)(2)(b), as legally frivolous.

### 4. Lights, Recreation, and Chairs

Cook alleges in Claim 4 that in mid-September 2010, her housing unit was without any lights for four days, leaving the unit "totally black" after 12:00. In Claim 5, she complains that from mid-August through October 5, 2010 (about six weeks), she was denied recreation outdoors, although the weather would have permitted her to be outdoors. She was advised that outdoor recreation was not possible during this period because men were being housed beside the recreation area. In Claim 8, Cook alleges that for a period at the end of July 2010, she had no chair and was forced to eat her meals on her bunk in her cell.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively

"sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that she has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

Cook fails to allege any facts on which she could show that she suffered a serious or significant mental or physical injury as a result of being deprived, briefly, of lights, chairs, and outside recreation. While these commodities are no doubt desirable in the prison setting, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Because Cook fails to allege injury, the court must dismiss without prejudice Claims 4, 5, and 8, pursuant to § 1915(e)(2)(b), for failure to state any actionable claim.

### 5. Good Time Credits

In Claim 6, Cook complains that the change in housing assignment, along with its limitations in her ability to participate in a prison job and education programs, deprived her of the right to accrue good conduct credit against her term of confinement. Neither the United States Constitution nor Virginia laws afford inmates any protected liberty interest in receiving a particular classification for the purpose of potentially earning an early release. See Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir.1994); DeBlasio v. Johnson, 128 F. Supp.2d 315, 329 (E.D. Va. 2000). Therefore, a change in Cook's good time earning rate, for whatever reason, did not

deprive her of any constitutionally protected right. The court will dismiss Claim 6 accordingly, pursuant to § 1915(e)(2)(b), as legally frivolous.

### 6. Grievance Procedures

Cook complains generally in Claim 7 that on several occasions, the grievance coordinator failed to respond to Cook's grievances about unspecified issues, instead responding that the grievance was a duplicate and referring her to the inmate handbook. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, a prison official's failure to comply with the state's grievance procedure, when one is provided, is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The court will dismiss Claim 7, pursuant to § 1915(e)(2)(b), as legally frivolous.

### 7. Newspaper Inserts

Cook alleges in Claim 10 that for a month, she subscribed to a newspaper to be delivered to her at the jail. When she received the paper, she discovered that all the coupons and advertisements inserted in the paper had been removed without her permission, pursuant to a jail policy of which she had never been notified.

Apparently, Cook believes that the jail's policy wrongfully deprived her, without notice, of part of the product she had purchased. First, the court questions whether Cook had any property interest in the inserts. She has alleged no facts indicating that her subscription cost included payment to cover the monetary value of the inserts in addition to the value of the newspaper itself.

Second, even assuming some property interest existed, she states no due process claim here. Deprivations of property pursuant to official policy require pre-deprivation procedural

protections, only if the plaintiff's property interests are not adequately protected by remedies available after a mistaken deprivation. Zinermon v. Burch, 494 U.S. 113, 128 (1990). Cook does not suggest that post-deprivation remedies available to her at the jail, or under state law through the Virginia Tort Claims Act, Virginia Code § 8.01-195.3, were inadequate to protect whatever property interest she may have had in the confiscated inserts. Accordingly, her allegations in Claim 10 fail to state any actionable claim and must be dismissed, pursuant to § 1915(e)(2)(b).

## Conclusion

For the stated reasons, the court concludes that plaintiff's complaint must be dismissed without prejudice under § 1915(e)(2)(b), as all of the claims are either legally frivolous or fail to state a claim on which relief can be granted. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of January, 2011.

_____
Chief United States District Judge